FRANK L. GERRISH *vs.* GEORGE S. FERRIS.

Hancock.　Opinion, January 2, 1942.

*Clarke & Silsby,* of Ellsworth, for plaintiff.

*Philip G. Willard,*

*Robert A. Wilson,* of Portland, for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

PER CURIAM.

In this action of negligence the plaintiff has the verdict and the case comes forward on the defendant's exception to the denial of his motion for a directed verdict and on a general motion for a new trial.

As the plaintiff, in the afternoon of January 15, 1940, was walking along the shoulder on the right side of the state highway known as U. S. 1 and in the Town of Hancock, he was struck by a truck driven by the defendant's employee which was travelling in the same direction and approached from the rear. The road was a black, hard-surfaced way twenty feet wide with gravel shoulders on each side but there were no sidewalks. The accident occurred in broad daylight and, although there was some mist, visibility was not materially impaired. The pedestrian was in plain sight of the driver of the truck and seen by him for a substantial period of time and distance before he was run down. Keeping at all times well out on the shoulder and several feet off the black road, he at no time looked back for automobiles approaching from the rear.

The jury were warranted in finding that the defendant's employee was driving down hill on a somewhat icy road which was banked in his lane so that the back end of his truck at times slipped towards the center of the way. To avoid this he kept his front wheels turned at an angle towards the shoulder at his right and although he saw the pedestrian walking along there

and had the full width of the way available for his use, suddenly without warning he drove his car out over the shoulder, hit the plaintiff and pinned him against a guard fence erected there beside the road. For this sudden turn and his operation of the truck in connection therewith the defendant's driver offers no satisfactory explanation.

It being conceded that the driver of the truck was acting within the scope of his employment when the accident occurred, his negligence, imputable to his employer, and the plaintiff's due care were questions of fact for the jury under proper instructions from the court. Neither issue can be resolved as a matter of law. The verdict was not manifestly wrong.

*Exception overruled.*
*Motion overruled.*